■ In the Matter of JAMES J. COYNE, JR., as Albany County Executive, Petitioner, v EDWARD T. STACK, as Albany County Comptroller, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 15, 1977 in Albany County, which restrained respondent Stack from making intra-unit budget transfers within expenditure classifications without authorization from the County Executive and adjudged that an intra-unit transfer in the amount specified in Resolution No. 128 of the Albany County Legislature, dated May 9, 1977, may only be made by the County Executive with the prior approval of the County Legislature. Petitioner sought judgment prohibiting respondent Stack, Comptroller of Albany, from effecting a budget transfer within the Sewer District Fund. On May 19, 1977, the Albany County Legislature passed a resolution transferring $4,500 within the Sewer District Fund to provide for the employment of temporary help. Petitioner contends that the resolution is in violation of section 609 of the Albany County Charter which states: "The county executive may at any time during the fiscal year transfer part or all of any unencumbered appropriation balance between classifications of expenditures within the same administrative unit, provided that prior approval by resolution of the county legislature shall be required if the proposed transfer (a) would result in an increase exceeding one thousand dollars annually". Respondents take the position that the intended transfer is, in effect, a reappropriation of funds and, therefore, within the power of the Legislature. Section 208 of the Albany County Charter provides that the County Legislature shall have the power "to make appropriations", and section 364 of the

County Law empowers the County Legislature to make a transfer herein contemplated. However, section 2 of the County Law precludes the application of the provisions of the County Law when they are in conflict with any local law. Therefore, in construing section 609, we must harmonize it with the general intent of the charter as a whole (McKinney's Cons Laws of NY, Book 1, Statutes, § 98). Section 609 makes no provision for a legislative override of transfers *after* budget adoption. We, therefore, conclude that since such a provision was omitted from the charter, it was intentionally done so (McKinney's Cons Laws of NY, Book 1, Statutes, § 240). Special Term properly held that the intra-unit transfer of funds in the amount of $4,500 could only be made by the County Executive with the prior approval of the County Legislature. Judgment affirmed, without costs. Mahoney, P. J., Greenblott and Herlihy, JJ., concur; Staley, Jr., and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Staley, Jr., J. Staley, Jr., J. (dissenting). We are unable to agree with the majority's holding that the intra-unit transfer of funds was exclusively under the County Executive's jurisdiction with the prior approval of the County Legislature. Petitioner contends that section 609 of the Albany County Charter vests in him exclusive authority for making intraunit transfers of funds, although he admits that he needs the Legislature's approval if the proposed transfer involves sums greater than $1,000. The Albany County Charter provides for the concentration of governmental power in the members of the County Legislature. This is repeatedly evidenced in the charter itself. Section 201 describes the Legislature as the "appropriating and policy determining body of the county". Section 302 describes the executive as "the administrative head of the county government", one whose duty is to "supervise". Section 201 of the charter further provides: "The county legislature shall have and exercise all of the functions, powers and duties that were possessed by, and shall be subject to the same rules and procedures as applied to, the prior Albany county legislature. It is not the intention of this charter to abolish, supersede, curtail or in any way affect any powers or rights heretofore conferred upon or delegated to the prior Albany county legislature, nor shall the provisions of this charter be construed as superseding any provisions of any law, resolution, or enactment having the effect of law, relating to the functions, powers, duties, rights, methods or procedures of the prior Albany county legislature unless a contrary intention is clearly manifested from the express provisions of this charter." Section 208 of the charter provides: "Powers and duties of legislature. Except as otherwise provided in this charter, the county legislature shall have and exercise all of the powers and duties now conferred upon the Albany county legislature and now or hereafter generally conferred on said legislature and on boards of supervisors or other governing bodies of counties in the state of New York by applicable law, and all powers necessarily incidental thereto, and shall for the purpose of general laws conferring powers upon boards of supervisors be deemed a board of supervisors. The county legislature shall have, but not by way of limitation, the following powers and duties: * * * (j) to adopt the budget submitted by the county executive to reduce or delete any item contained in the budget, except items for debt service or other appropriations required by law; and to add items to the budget or to increase the amount of items contained therein all as provided in article VI of this charter; * * * (n) to determine and make provision for any matter of county government not otherwise provided for, including but not limited to any necessary matter involved in the transition to this charter form of government." Section 609 provides, in part, as follows: "Appropriations; reduction

and transfer after budget adoption. If at any time during the fiscal year it appears that the revenues available will be insufficient to meet the amounts appropriated, the county executive shall report to the county legislature without delay the estimated amount of the deficit, any remedial action taken by him, and his recommendations as to further action. The county legislature shall take such action as it deems necessary to prevent or minimize any deficit. For that purpose the county legislature may by resolution reduce one or more appropriations, but no appropriation for debt service may be reduced and no appropriation may be reduced by more than the unencumbered balance thereof or below any amount required by law to be appropriated." It is obvious that it is the County Legislature which must act by resolution to prevent or minimize any deficit, or to reduce appropriations. The authority given to the County Executive by section 609 is to the effect that he "may" transfer part of any unencumbered appropriation provided that prior approval by resolution of the County Legislature shall be required if the proposed transfer exceeds $1,000. It is apparent from reading the charter as a whole that the Legislature, as the appropriating and tax levying body of the county, retains the ultimate authority in determining when such transfers or reappropriation of funds should be made. As the administrator and supervisor of policy, the duty of the County Executive under section 609 is merely to effect the transfer after it is approved by the Legislature. It is inconsistent and superfluous to have the County Legislature provide for an intra-unit transfer, and then be frustrated in the event the executive refused to physically make the transfer. In addition, the appellants' contention that it is empowered to make intra-unit transfers of funds is supported by the terms of sections 363 and 364 of the County law. Section 363 of the County Law authorizes the board of supervisors to make additional appropriations or increase existing appropriations during a fiscal year by taking funds "from any encumbered balances in appropriations". Section 364 provides that the board may, by resolution, "at any time reappropriate for any lawful purpose all or any part of the unencumbered balance of an existing appropriation" (cf. *County of Ontario v Faculty Assn. of Community Coll. of Finger Lakes,* 56 AD2d 189). Section 102 of the charter provides: "County status, powers and duties. Albany county, upon adoption of this charter, as hereinafter provided, shall be and remain a municipal corporation under its then name and shall exercise all of the rights, privileges, functions and powers conferred upon it by this charter and any other applicable statute not inconsistent with such charter. It shall be subject to all duties and obligations imposed upon it by existing or subsequent laws not inconsistent herewith, including all powers necessarily incidental to or which may be fairly implied from the powers specifically conferred upon such county." Albany County is thus subject to the duties and obligations of sections 363 and 364 of the County Law, and the act of the resolution of the County Legislature making the intraunit transfer involved herein is consistent with the provisions of the County Law. The action of the County Legislature should be sustained, and the judgment appealed from should be reversed.